## SULLIVAN v. BAILEY.

EQUITY; INJUNCTIONS; CHATTEL DEEDS OF TRUST, SALES UNDER, EQUITY PRACTICE.

1. Where a chattel deed of trust provides that upon default the trustee shall take possession of the mortgaged property and sell, a bill in equity by the debtor to enjoin a sale by the trustee on the ground that he has advertised the property before taking possession of it, will not lie, as it amounts to an appeal by the debtor to a court of equity to be permitted to take advantage of his own wrong, it being competent for the debtor to remove the objection by delivering possession to the trustee.

2. Where a chattel deed of trust does not in terms cover after-acquired property, but is plainly intended to cover all stock in trade existing at the time of default, and the trustee who has advertised a sale disclaims any intention to hold or claim a lien beyond this, the debtor in an attempt to enjoin a sale by the trustee is estopped to claim that the stock in trade sought to be sold is different from that covered by the deed of trust, for if after default the debtor sold any stock in trade to the detriment of the parties

secured he should not be heard to allege the fact unless he offers to make good the amount disposed of by him, upon the ground that he who seeks equity should do equity.

3. A debtor who has given a chattel deed of trust to secure a debt, covering, among other things, his liquor license, is estopped to claim in an attempt to enjoin a sale after default, that his license could not be validly made the subject of a conveyance, especially where it appears that liquor licenses are transferable in this District; that they are the subject of bargain and sale and that they have value, and that, in this instance, the license and not the other property covered by the deed of trust was the main inducement for the credit that was given the debtor.

4. A deed of trust debtor cannot successfully invoke the aid of a court of equity to invalidate his deed of trust, or any substantial provision of it, without an offer to restore to the parties secured the money with which he induced them to part on the faith of its security.

5. An affidavit in support of an answer and motion to dissolve a temporary restraining order, need not be filed at the same precise time as the answer, provided it is filed in due time thereafter.

No. 1235. Submitted December 2, 1902. Decided January 20, 1903.

HEARING on an appeal (specially allowed) from an order dissolving a temporary restraining order granted on a bill in equity to enjoin a sale under a chattel deed of trust.

*Affirmed.*

The Court in the opinion stated the case as follows:

The appellant, Timothy Sullivan, a licensed retail liquor dealer in this city, being indebted in the sum of $1,741.39 to James Richardson and Abe King, trustees, and in the sum of $925.10 to the same James Richardson, as receiver of the Consumers' Brewing Company, apparently a body corporate under the laws of the State of Virginia, executed and delivered to them under date of March 1, 1902, his three promissory notes for the aggregate sum of $2,666.49; and to secure the same, executed and delivered to the appellee, Lorenzo A. Bailey, as trustee, under the same date, a deed of trust, by way of chattel mortgage, whereby he conveyed, or sought to convey, to the appellee the license which he (the appellant) then had for the sale of liquor, and all rights of

renewal thereof, and all the good will and rights of the business, and all the fixtures and furniture in the saloon, and· all the stock in trade " applicable or pertaining to the said saloon wheresoever the same may be then situate." The deed contained the usual proviso that the grantor should remain in possession of the property and conduct the liquor business on the premises until default should be made in the payment of the notes; and that, upon such default being made, the grantee should take immediate possession of the place of business and all that was sought to be conveyed by the deed of trust, and should sell the same at public or private sale upon such terms and after such notice as the grantee should deem proper; and should apply the proceeds of sale to the payment of the notes, etc. There were various other provisions in the deed not necessary to be here recited.

The notes secured by the deed were made payable on demand, with interest. About April 23, 1902, demand for payment was made and refused, and thereupon the trustee was directed to advertise and sell under his deed, which he forthwith proceeded to do. His advertisement purported that he would sell the furniture and fixtures of the saloon, the stock in trade then in possession of the appellant, " and all rights under the bar-room license standing " in the appellant's name at the premises.

Thereupon the appellant filed his bill of complaint in the Supreme Court of the District to enjoin the sale. The trustee was the sole defendant made thereto. After the issue of a temporary restraining order, the trustee answered the bill. Motion was then made to discharge the restraining order, and the restraining order was discharged. From the order of discharge the complaint was allowed a special appeal.

*Mr. Joseph Shillington* and *Mr. Edwin Forrest* for the appellant.

*Mr. Thomas M. Fields* for the appellee, who also appeared in proper person.

Mr. Justice Morris delivered the opinion of the Court:

The questions raised are: (1) Whether the trustee could advertise the property for sale before taking possession of it, which it is claimed the deed of trust required as a condition precedent to any sale; (2) Whether the trustee could sell under the deed the stock in trade as existing at the time of the proposed sale, when such stock in trade was different from that in existence at the time of the execution of the deed or at the time of default made; (3) Whether the appellant's liquor license could validly be made the subject of conveyance under a deed of trust; (4) Whether the deed of trust is such as could be enforced.

1. With reference to the first question, it is very plain that the appellant's objection to the proceeding of the trustee is wholly untenable. Whether the provision in the deed of trust which requires, upon the default of the grantor, that the trustee, at the request of the parties secured, should proceed to take possession of the mortgaged property, is a condition precedent or not, is wholly immaterial in the present case. The appellant is in possession of the property. It is competent for him to deliver that possession to the trustee; and it does not lie in his mouth to allege the objection, when he himself may remove the difficulty. If his bill means that the trustee should make demand for the property, and the appellant be left free to refuse compliance with the demand, and thereupon the trustee be compelled to have recourse to his action of replevin, this would amount to an appeal to a court of equity to be permitted to take advantage of his own wrong. A court of equity will not regard any such position with favor. Moreover, it would seem as if the postponement of possession had been for the accommodation and benefit of the appellant and by some understanding with his counsel.

2. In the second place, it is objected by the appellant that the stock in trade sought to be sold is different from that which is covered by the deed of trust. We think that here again the appellant is estopped from alleging his own wrong

as a ground for relief in equity. The deed of trust does not in express terms cover any after-acquired property, but it was plainly intended to cover all the stock in trade that was in existence at the time of default made, and the appellee in his answer disclaims any intention to hold or claim a lien beyond this. If, after default made, the appellant sold any of the stock in trade to the detriment of the parties secured by the deed, he should not be heard to allege the fact as a ground for restraint of the execution of the trust, unless he offered to make good the amount disposed of by him. This is the plain dictate of equity: He that seeks equity must do equity.

3. The question whether a license to sell liquor under the laws of the District of Columbia can be made the subject of conveyance in or by a deed of trust, is one which likewise should be disposed of in this case by the application of the doctrine of estoppel, without reference to the question whether in general such a license is the subject of bargain and sale, or is merely a personal privilege incapable of being transferred. As matter of fact, it appears that these liquor licenses are transferable in this District under certain limitations; that they are the subject of bargain and sale, and that they have value — sometimes very considerable value. In an affidavit filed in support of the answer in this case, and which it is proper to consider — for, although it was not filed on the same day as the answer, there is no rule of court and no requirement of law that an affidavit in support of an answer should be filed at the same precise time as the answer, provided it is filed in due time thereafter — it is averred that the appellant's license is of the value of $3,000; and the answer avers that this license, and not the stock in trade and other property mentioned in the deed of trust, was the main inducement for the credit that was given to the appellant. The appellant by his deed alleged that the license was a thing of value; and by his deed he procured credit on the faith of it. He cannot now be heard to deny the tenor of his deed in that regard. He cannot be heard to invoke the assistance of a court of equity to invalidate the deed,

or any substantial provision of the deed, without an offer to restore to the parties secured by the deed the money with which he induced them to part on the faith of his security.

This case is one wherein clearly the doctrine must apply that he who seeks equity must do equity. The appellant seeks to invalidate his deed, or so to emasculate it as to render it worthless, and notwithstanding that he has received from the parties who supposed, and were induced by him to believe, that they had the security of this deed for a very considerable sum of money, he does not offer to return the money, or any part of it, or in any manner to secure or reimburse them. Under such circumstances he is not entitled to any assistance from a court of equity.

We think that the order appealed from was right, and that it should be *affirmed, with costs. And it is so ordered.*

A motion for a rehearing, made on behalf of the appellant February 6, 1903, was overruled February 11, 1903.